COURT OF APPEALS
DECISION
DATED AND FILED

November 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP50**

STATE OF WISCONSIN

Cir. Ct. No. **2020CV18**

IN COURT OF APPEALS
DISTRICT II

STEVEN Q. WRUCK,

　PLAINTIFF-APPELLANT,

V.

PRIVATE ROAD PARCEL (35' X 202'), WILLIAM K. KOEPER,
MARY C. KOEPER, BARBARA J. PINEKENSTEIN, DAVID KOEPER,
RACHEL KOEPER, TONY L. LARSON, DIANE LARSON, JEFFREY L. SORENSEN,
HEATHER A. SORENSEN AND LOT OWNERS BLOCK 1 ISLAND VIEW
SUBDIVISION,

　DEFENDANTS-RESPONDENTS.

　　　　APPEAL from an order of the circuit court for Waukesha County:
MICHAEL J. APRAHAMIAN, Judge. *Affirmed*.

　　　　Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Steven Q. Wruck appeals from an order dismissing on summary judgment his action against Private Road Parcel (35' x 202'), et al. Wruck had asserted claims of adverse possession, prescriptive easement, and easement by necessity.  For the reasons that follow, we affirm.

¶2     This case arises from a dispute between neighbors over a small parcel of land in Mukwonago.  The parcel consists of a short private road with a few feet of land on either side.  It connects a main road (County Road E) to the east with a small residential subdivision to the west.  The parcel is the only means of vehicular access to and from the subdivision and is regularly used by the residents there.

¶3     Wruck is the owner of properties that abut the parcel but are not part of the subdivision.  He purchased a residential property to the north of the parcel in 1991.  Ten years later, he purchased a vacant property to the south.  Wruck did not have his properties surveyed before he bought them and never received any documentation informing him that he had access rights to the parcel.

¶4     Wruck lived in a duplex house on his northern property from approximately 1992 to 2001.  During that time, he sometimes used the parcel's private road.  He also added a swing set and flower box to the parcel's northern edge. Wruck subsequently moved out and later rented one unit in the duplex from approximately 2004 to 2016.  Wruck also periodically used the other unit in the duplex as a vacation home or a place to stay when working in the area.

¶5    Around the time of Wruck's departure in 2001, the residents of the subdivision sent him a letter asking that he "remove all personal items from [their] land," and notifying him that "the use of [their] private driveway is prohibited, which includes crossing over the driveway to gain access to the land south of the driveway." The residents sent Wruck a similar letter a year and a half later. Wruck acknowledged receiving the letters.

¶6    In the years that followed, the residents of the subdivision performed various improvements and maintenance to the parcel. This included paving and snow plowing the private road. In the fall of 2013, they resurfaced the private road and relandscaped the surrounding area.

¶7    Both Wruck and his renter continued to use the parcel at times to access County Road E or Wruck's southern property. However, they consistently used an alternative route (i.e., a northerly neighbor's driveway) to access Wruck's northern property. In addition, Wruck considered adding driveways to his properties, which would connect them directly with County Road E.

¶8    In 2020, four years after anyone had resided on Wruck's properties, Wruck filed this action against both the residents of the subdivision[1] and the parcel itself. Wruck sought a declaration that he had acquired the parcel, either in whole

---

[1] The residents of the subdivision at the time of the action were William and Mary Koeper, Barbara Pinekenstein, David and Rachel Koeper, Tony and Diane Larson, and Jeffrey and Heather Sorensen.

or in part, through adverse possession. Alternatively, he sought declarations that he had easement rights, either prescriptive or by necessity, to use the parcel.[2]

¶9      The residents of the subdivision ultimately moved for summary judgment seeking dismissal of Wruck's claims. After a hearing on the matter, the circuit court granted the motion and awarded costs to the residents. This appeal follows.

¶10     We review a circuit court's decision on a motion for summary judgment de novo, applying the same standard as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2021-22).[3]

¶11     On appeal, Wruck contends that the circuit court erred in dismissing his action on summary judgment. He renews his claims of adverse possession, prescriptive easement, and easement by necessity. He asks that we reverse the circuit court order and vacate the costs awarded against him.

---

[2] In his complaint, Wruck suggested that the parcel was actually owned by the unknown heirs of Harvey and Mary Wambold. The Wambolds were the 1891 grantors of land that would become the subdivision at issue. In response, the residents of the subdivision identified the Wambold heirs and obtained affidavits from them attesting that they do not and never had any interest in the parcel. The Wambold heirs also provided the residents with quitclaim deeds transferring any unknown and latent interest in the parcel to the residents, thereby confirming that they had no interest in the parcel and that the residents owned it.

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶12 We begin with Wruck's claim of adverse possession. "Adverse possession is a legal action that enables a party to obtain valid title of another's property by operation of law." *Wilcox v. Estate of Hines*, 2014 WI 60, ¶19, 355 Wis. 2d 1, 849 N.W.2d 280.

¶13 WISCONSIN STAT. § 893.25 governs adverse possession claims and provides that a person may commence an action to establish title if that person "is in uninterrupted adverse possession of real estate for 20 years." Sec. 893.25(1). Under the statute, property is adversely possessed when the possessor "is in actual continued occupation under claim of title, exclusive of any other right," and the property is "[p]rotected by a substantial enclosure" or "[u]sually cultivated and improved." Sec. 893.25(2). The statute codifies the common law elements of adverse possession, which require physical possession that is, among other things, continuous, exclusive, and open. *Wilcox*, 355 Wis. 2d 1, ¶20.

¶14 Here, Wruck's adverse possession claim fails as a matter of law because he cannot establish that he possessed the parcel, either in whole or in part, continuously, exclusively, or openly for 20 years. His possession was not continuous because he only lived in the area for nine years. Likewise, his possession was not exclusive because the residents of the subdivision used, maintained, and even asserted ownership over the parcel during the time period in question. Finally, by its nature, the parcel could not be used in a manner that would openly apprise others of an intent to usurp possession absent some barricade or other evidence not found in the record.[4] *See Peter H. & Barbara J.*

---

[4] We are not persuaded Wruck's addition of a swing set and flower box to the parcel's northern edge, which was initially done without objection, evinced an intent to usurp possession. Wruck also cites a "short fence" as a third "flag" of his adverse possession. However, in his deposition, he specifically denied putting up any fencing along the parcel.

*Steuck Living Tr. v. Easley*, 2010 WI App 74, ¶14, 325 Wis. 2d 455, 785 N.W.2d 631 (explaining that the nature of the disputed area is relevant in deciding if the use is sufficient to apprise the true owner of an adverse claim).

¶15　We turn next to Wruck's prescriptive easement claim. Unlike adverse possession, a prescriptive easement is based on a person's use of another's property rather than a person's possession of another's property. *Shellow v. Hagen*, 9 Wis. 2d 506, 511, 101 N.W.2d 694 (1960).

¶16　WISCONSIN STAT. § 893.28 governs prescriptive rights by adverse users and provides in relevant part:

> Continuous adverse use of rights in real estate of another for at least 20 years … establishes the prescriptive right to continue the use. Any person who in connection with his or her predecessor in interest has made continuous adverse use of rights in the land of another for 20 years … may commence an action to establish prescriptive rights under ch. 843.

Sec. 893.28(1).

¶17　Again, Wruck's claim fails as a matter of law because he cannot show a continuous adverse use of rights in the parcel for at least 20 years. As noted, Wruck only lived in the area for nine years. During this time and the years that followed, he never prevented the residents of the subdivision from exercising their rights over the parcel. They regularly used it for travel[5] and maintained it as they saw fit. Moreover, the residents twice sent Wruck a letter seeking to exclude him and his personal items from the parcel. Such actions destroyed whatever

---

[5] By contrast, Wruck and his renter regularly used an alternative route to access Wruck's northern property.

prescriptive easement right Wruck claims to have had. *See **Red Star Yeast & Prods. Co. v. Merchandising Corp.***, 4 Wis. 2d 327, 335, 90 N.W.2d 777 (an unambiguous act of a landowner showing an intent to exclude others destroys a claimed prescriptive easement right).

¶18     Finally, we turn to Wruck's claim of an easement by necessity. An easement by necessity typically arises when an owner of land severs a landlocked portion of the land by conveying it to another. ***Ludke v. Egan***, 87 Wis. 2d 221, 229-30, 274 N.W.2d 641 (1979). A way of access is then implied over the land retained by the grantor. ***Id.*** at 230.

¶19     Common ownership of the two parcels is a necessary precondition for the establishment of an easement by necessity. ***Richards v. Land Star Grp., Inc.***, 224 Wis. 2d 829, 845, 593 N.W.2d 103 (Ct. App. 1999). It is also necessary to establish that the property is landlocked, meaning that it is surrounded by land belonging to other persons so that it cannot be reached by a public roadway. ***Id.*** at 845-46.

¶20     Wruck fails to meaningfully address these requirements in his brief, and we can reject his claim for that reason alone. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed."). In any event, the record makes clear that Wruck's properties are not landlocked. They abut County Road E, and Wruck can connect them directly by simply adding driveways.

¶21    For these reasons, we are satisfied that the circuit court properly dismissed Wruck's action.[6]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] To the extent we have not addressed an argument raised by Wruck on appeal, the argument is deemed rejected. *See* **State v. Waste Mgmt. of Wis., Inc.**, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).